IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROXANNE MICHELE MATHAI, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-01355-XR |
| vs. | § § § | |
| BEXAR COUNTY, TEXAS, JAVIER SALAZAR, | § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Defendants' Motion to Strike Plaintiff's Designation of Expert Witness as Untimely [#28]. By their motion, Defendants ask the Court to strike the expert designation of Dr. Gene Trevino, Plaintiff's damages expert, as untimely. The Court held a hearing on the motion on this day, at which counsel for all parties appeared via videoconference. For the reasons that follow, the Court will order the parties to engage in further conference and file a second joint advisory with the Court within seven days.

Defendants' motion argues that Plaintiff's expert designation of Dr. Trevino was untimely under the governing Scheduling Order because Plaintiff failed to timely serve an expert report as required by Rule 26(a)(2). The untimeliness of Plaintiff's service of the expert report is not in dispute. The governing Amended Scheduling Order set Plaintiff's expert designation deadline as August 2, 2023. (Am. Sched. Order [#24].) According to the Scheduling Order, Plaintiff was to file her designation of testifying experts, as well as "serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B)," by this deadline. On August 3, 2023, the day after the deadline expired, Plaintiff filed a motion requesting a one-day extension of the

1

expert designation deadline, which the District Court granted, providing Plaintiff until August 4, 2023, to complete her designations. (Mtn. [#25].) Plaintiff's designation of Dr. Trevino was attached to her motion, which disclosed Dr. Trevino's retention as an expert to provide testimony on the value of Plaintiff's lost earnings, lost earning capacity, lost benefits, and other economic and financial damages. (Expert Designation [#25-1].) Plaintiff's motion for an extension did not request (nor did the District Court grant) a later deadline for the production of the expert report than for the production of the other information and materials required by Rule 26 or the disclosure itself. Yet Plaintiff did not serve Defendants with Dr. Trevino's expert report and C.V. until October 25, 2023, almost three months later. (Expert Report and Correspondence [#29-2].) Discovery closed six days following service of the expert report, on October 31, 2023. (Am. Sched. Order [#24].)

Plaintiff takes the position in her response to the motion that serving the report was not untimely because discovery had not closed. This is a misreading of the Federal Rules of Civil Procedure. Rule 26 requires the disclosure of a retained expert's written report (which must contain information covering six designated topics) "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Although the parties reached some agreements regarding modification of the Scheduling Order (such as certain discovery occurring beyond the October 31 discovery deadline), there is nothing in the record memorializing any agreement regarding an additional extension of the expert designation deadline or the service of Dr. Trevino's expert report. And the parties' discovery stipulation in the record contains no reference to Dr. Trevino or any expert. (Discovery Stipulation [#29-6].) Nor has Plaintiff addressed the good cause that would be required to excuse the untimely disclosure.

This Circuit considers four factors in evaluating a request to excuse a failure to adhere to a deadline in the governing Scheduling Order: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (addressing delay in submission of expert report). Still, after the Court's hearing, Plaintiff has not provided an explanation as to why the expert report was not timely provided to Defendants or why Plaintiff failed to timely request an extension of this deadline. The delay in the service of the expert report undeniably caused Defendants prejudice, especially given the current Scheduling Order deadlines. Defendants were required to notice any rebuttal experts in response to the designation of Dr. Trevino within 14 days of his disclosure or by August 17, 2023. (Am. Sched. Order [#24].) The untimeliness of the disclosure of the report affected Defendants' ability to evaluate the necessity of retaining their own rebuttal expert and to conduct Dr. Trevino's deposition within the discovery period or file a motion for summary judgment implicating damages prior to the expiration of the dispositive motions deadline on December 1, 2023.

As to the ability to cure this prejudice, Plaintiff agreed at the Court's hearing to the continuance of trial, which is currently set for March 11, 2024; to produce Plaintiff's expert for a deposition at a time mutually agreeable to the parties; and to extend the deadline for Defendants to designate a rebuttal expert. The Court will therefore order the parties to engage in further conference on the issues raised in Defendants' motion and to specifically discuss what would be necessary to cure the prejudice caused Defendants by Plaintiff's untimely disclosure. The parties should provide the Court with a joint advisory within seven days addressing a new deadline for rebuttal expert designations, a schedule to conduct expert depositions, the possibility of a trial

continuance and how long of a continuance is needed, and whether a new deadline for dispositive motions is necessary. Once the Court has received the advisory, the undersigned will discuss it with the District Court and make a decision on Defendants' motion.

**IT IS HEREBY ORDERED** that the parties confer in accordance with the directives in this Order and file a joint advisory on or before **December 19, 2023.**

SIGNED this 12th day of December, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE